### In re STEFFENSEN.

No. 5557. Decided January 5, 1935. (39 P. [2d] 722.)

*K. K. Steffensen,* of Salt Lake City, for plaintiff.

*N. J. Cotro-Manes* and *E. R. Christensen,* both of Salt Lake City, for defendant.

PER CURIAM.

On complaint filed with the Utah State Bar and after hearing before the disciplinary committee and the making and filing of findings of fact and recommendations by such committee, the board of commissioners of the Utah State Bar approved the findings and recommendations of such committee and recommended to this court that K. K. Steffensen, an attorney at law duly licensed to practice and practicing law in all the courts of this state, be suspended from the practice of law for the period of three months and until he paid the costs of these proceedings. Mr. Steffensen petitioned this court for a review of the proceedings had before the committee and the board of commissioners praying that this court annul the decision and recommendations of the commission and dismiss the proceedings on the following grounds: (a) That the findings and recommendations of the disciplinary committee and of the board of commissnoners "are against the weight of the testimony and the law governing such matters," and (b)

that "at the various hearings and actions the committees above named acted prejudicially and without warranted evidence or law in making the findings and recommendations made by them."

There is little or no conflict in the evidence. The accused was himself the only witness called before the committee. He made no effort to conceal or deny any of the facts or circumstances on which the complaint rested, but merely sought to explain and excuse his failure to pay over money collected for his client. The facts alleged in the complaint, admitted by answer, testified to by the accused, and found to be facts by the committee are substantially the same. It appears that Steffensen, the accused, in the latter part of 1931 was in arrears in the payment of rent for his office in the Judge building in Salt Lake City. Halloran-Judge Trust Company, hereinafter referred to as the company, was agent for the building. It placed in the hands of the accused for collection the claim of *Fannie C. Theobold* v. *Joseph Kutschal,* on the undertsanding and agreement that any fee earned by the accused in making collection would be paid to the company for credit on his debt for rent. In due time suit was entered and judgment obtained in the city court of Salt Lake City against Kutchal for $67.79 and costs. The full amount of the judgment and costs was collected by the accused from Kutschal in installments during the months of January, February, and March of 1932. No part of the money collected on this judgment has been paid either to Fannie C. Theobold or for her to her agents, the company, and no part of the fee earned was paid to the company for credit on the debt for rent by the accused. These proceedings were had against Steffensen because of his failure to pay over the money collected, it being alleged that he appropriated such money to his own use in violation of his trust and in violation of his oath as an attorney at law. Some time in the spring of 1932, suit was brought by W. J. Halloran against the accused to evict him from his office and recover the amount of rent due. While the

suit was pending, the accused went to California and was absent from the state for about thirty-five days. During his absence, notwithstanding he left the defense of the eviction case against him to his office associate, no steps were taken to contest the action and judgment was obtained by default. On his return to the state, the accused learned of the entry of judgment against him, but took no steps towards setting aside the default or reopening or appealing the case and the judgment became final. The accused now claims this judgment was for a larger sum than that actually due and that he had a good defense to the action because there had been no assignment by the company to W. J. Halloran of the claim sued on. Because of such facts, he attempts to justify his failure to pay the amount of his attorney's fee in collecting the Theobold judgment to the company to be applied on rent or to pay the balance of the amount collected to Fannie C. Theobold or to the company as her agent. In his answer, the accused alleged he was entitled to retain for himself the sum of $35 out of the amount collected on the Theobold judgment because the company had obtained judgment against him "for all past due rent." In his testimony before the committee he stated the Halloran judgment was $100 or more in excess of the amount actually due. In his brief in this court he argues that the excess is $200. The accused, however, failed to make it appear how much the company claimed against him for rent or how much he actually owed on that account. While frankly admitting he had collected the amount of the Theobold judgment and costs and that none of it had been paid to the client, he argued, as the reason for his failure to pay it over, or at least that portion due the client, that the company had claimed he had collected $116 on the judgment and would not admit he had collected less. It is conceded by the accused that he owes his client $38.99 which was the amount collected on the judgment, including costs less his claimed attorney's fee, and he alleges that he has always been willing to pay such sum to the company if the

company would accept it. It nowhere appears in the record, however, that he had at any time actually paid or tendered that sum to the client or the company as her agent.

After a hearing, the disciplinary committee made findings of fact reciting substantially the above facts and concluded that because the accused had appropriated the money to his own use and benefit and had failed to pay over the money earned as a fee to the company to apply on rent in violation of his agreement to do so, or the balance due to the client or her agent, "he is guilty of unprofessional conduct and has knowingly and wilfully committed acts involving moral turpitude in the particulars set forth in the Findings of Fact," and recommended that his license to practice law be suspended for a period of three months and until he pay the costs of these proceedings. These findings, conclusions, and recommendations were duly, after notice to the accused and a hearing, approved by the board of commissioners of the Utah State Bar.

The accused now contends the findings and recommendations thus made and approved are against the weight of the testimony. As already seen, the findings of fact are but a repetition of the facts admitted and testified to by the accused. The committee failed to find that the reasons offered by the accused were a sufficient excuse for his failure to pay over the money collected to his client. It would seem there is no sufficient reason proved which would justify a failure or refusal on the part of the accused to pay the entire amount collected to the company, the proportion thereof earned as a fee to be applied on rent due from the accused to the company, and the balance to be paid Fannie C. Theobold. As to the amount claimed as an attorney's fee, it may well be that there was a colorable claim which might have been urged if it were true that the judgment obtained by W. J. Halloran was in excess of the amount actually due from the accused, but as to this the commission, in view of the facts shown and the

sive, was justified in making the findings and conclusions it did.

With respect to that portion of the collected judgment due the client after deduction of the attorney's fee, no sufficient reason or excuse is shown to justify the accused in failing to promptly pay this over as soon as collected or at least when demand therefor was made. A lawyer certainly owes his client the duty of promptly paying over moneys collected in his behalf. In this case the accused made no claim whatsover to the sum of $38.99, which he concedes and has always conceded belonged to the client. Even if it be conceded that the accused might have held the balance of the money until his controversy with the company as to the rental account was settled, yet no such reason can be urged to excuse his failure to pay the amount due the client immediately on collection or after demand. The amount involved is small, but the principles of duty are the same as would lie if the amount involved were many times as large. The seriousness of the dereliction of duty on the part of the accused is somewhat minimized by the fact that he at no time attempted to practice deception on the client or her agent or to withhold from them the fact that the judgment had meen collected, and also in his frankness in making full disclosure of all the essential facts in his answer and testimony before the committee. There appears to have been no intention on his part to defraud the client or permanently deprive her of the fruits of her judgment. The reasons urged by him for failure to make prompt payment are, however, weak and untenable. In support of his position the accused cites the following cases: In re *Veeder,* 11 N. M. 43, 66 P. 545; In re *Duncan,* 64 S. C. 461, 42 S. E. 433; *Commonwealth* v. *McKay,* 20 S. W. 276, 14 Ky. Law Rep. 407, and In re *Lentz,* 65 N. J. Law 134, 46 A. 761, 50 L. R. A. 415. These cases are not directly in point on the facts, but afford support to the action of the board of commissioners in recommending merely a short term of suspension rather than disbarment. In re *Lentz,* supra, the

want of evidence that such judgment was actually exces-
accused had wrongfully appropriated money belonging to
his client without intent to defraud and with the expecta-
tion to pay it over when required.  The money had been
fully paid to the client with interest before action of dis-
barment was commenced.  This fact, together with evidence
that the attorney had otherwise conducted himself with
integrity in private and public life, was held sufficient to
justify a refusal to strike his name from the roll of at-
torneys or suspend him from the practice of his profession.
The record before us, however, shows that no part of the
money collected had been paid the client prior to hearing,
nor is there any showing that it has yet been paid.  In
*Commonwealth* v. *McKay*, supra, the holding was that it
was a sufficient defense to disbarment proceedings that
the client was indebted to the attorney in a sum exceeding
the amount collected.  Here, however, there is no claim
that Fannie C. Theobold was indebted to the accused in any
sum, and, while the accused claims the judgment against
him for rent obtained by Halloran was excessive, the evi-
dence does not show that to be a fact.  At best, it is merely
a colorable claim which might be asserted as to the amount
of the attorney's fee earned and which accused had agreed
to pay on his debt for rent.  In re *Duncan*, supra, held the
conduct of an attorney depositing his client's money in his
own name and taking it out for his own use, though able
to repay it at any time, while a practice not to be com-
mended, is not fraudulent so as to furnish grounds for dis-
barment.  In re *Veeder*, supra, it was held the neglect of
an attorney to notify his client of the collection of money
and neglect to immediately pay it over, pending other litiga-
tion, to be reprehensible and a breach of ethics, but alone,
in the absence of fraud, trickery, or deceit, it is not suffi-
cient to warrant disbarment.

The claimed "prejudicial conduct of the Committee" is
that it proceeded with the hearing notwithstanding the
attorney whom accused had chosen to appear in his defense

was detained in court and could not appear on the date fixed. He contends he was forced to trial without the benefit of counsel. The record discloses that within four or five days of the date set for the hearing the accused applied to one of the attorneys for the prosecution for a postpontment of the hearing because his attorney would be engaged in court on the day fixed. No formal application was made to the disciplinary committee prior to its meeting. The accused was told by the prosecuting attorney that he was not authorized to grant a postponement and he knew of no way of the committee passing on the request until they should meet. The request for postponement was renewed to the committee when it met, but upon being advised by the chairman that its members had come from various parts of the state at considerable expense, a delay was not desirable, but that accused would have opportunity to appear with counsel at the meeting of the board of commissioners. He then, without waiving his right to counsel, consented to the taking of testimony by the committee. The record discloses the accused appeared before the board of commissioners without counsel and made a statement in his own behalf, and later in this court he again appeared in person and filed a brief also without counsel. This objection would be entitled to more serious consideration but for the circumstances recited above and the further fact that the matter before the committee involved a single issue without complications of any kind and the facts found rested almost entirely on the admissions made by accused in his answer supplemented by his oral testimony and letters acknowledged to have been written by him. In this court he had opportunity to be fully heard and to be represented by counsel, but he chose to appear in his own behalf without counsel to aid him. Under these circumstances, the objection is without merit.

We see no way of avoiding approval of the findings and recommendations of the disciplinary committee and the board of commissioners of the Utah State Bar. Because of

the extenuating circumstances attending the transaction, the recommended suspension from practice is sufficient to meet the situation.

The judgment of this court is that K. K. Steffensen be suspended from the practice of law in all the courts of this state from the 7th day of January to and including the 7th day of April, 1935, and until he pays to the clerk of this court, for the use and benefit of the Utah State Bar, such costs as it has expended in this proceeding. It is further ordered that within thirty days after the filing of this opinion the Utah State Bar serve upon the accused and file with the clerk of this court a memorandum of the costs claimed by it in connection with this proceeding. The accused, if he be so advised, may within five days thereafter file objections to such cost bill. This court retains jurisdiction of the cause to determine the amount of costs to be paid by the accused and retains further jurisdiction for and during the period of suspension.